**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ERIKA MARTINEZ GINEZ, | : | |
| *Petitioner,* | : | Case No. 1:26-cv-57 |
| v. | : | Judge Jeffery P. Hopkins |
| KEVIN RAYCRAFT, Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement, *et al.*, | : | |
| *Respondents.* | : | |

===

**ORDER**

===

Petitioner Erika Martinez Ginez, a citizen of Mexico, is a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Butler County Jail in Butler County, Ohio. She has been detained since December 19, 2025. In response to her detention, Petitioner has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. She requests immediate release. Federal Respondents filed a Return of Writ (Doc. 13), to which Petitioner filed a Reply (Doc. 14). The matter is ripe for adjudication.

Also pending before the Court is a Motion to Dismiss (Doc. 8) filed by Respondent Sheriff Richard K. Jones. Petitioner did not file a response and the time for filing one has long since passed.

## I.    BACKGROUND

Petitioner asserts that she has resided in the United States since 2011. Pet., Doc. 1, ¶ 42. She is married and has three children, two of whom are United States citizens. *Id.* ¶ 45. She and her husband own their home in Columbus, Ohio. Pet'r. Ex. E, Doc. 4-5, PageID 57.

Petitioner was arrested and detained by ICE on December 19, 2025, after ICE encountered her minor son at a gas station and requested that he call a parent to come pick him up. Pet., Doc. 1, ¶ 43. Prior to her detention, Petitioner had work authorization and was employed at FST Logistics. *Id.* ¶ 45; Pet'r. Ex. H, Doc. 4-8, PageID 66; Pet'r Ex. I, Doc. 4-9, PageID 67. In conjunction with her Petition, Petitioner submitted several letters of support, including letters from her employer, the pastor from her Catholic church, and other friends and acquaintances. Pet'r. Ex. H, Doc. 4-8, PageID 66; Pet'r. Ex. J, Doc. 4-10, PageID 68–72.

As set forth in her Petition and Reply, Petitioner seeks release from detention on the basis that she is not subject to mandatory detention under 8 U.S.C. § 1225(b) and that her detention violates her rights to due process under the Fifth Amendment. Doc. 14, PageID 163–71. Respondents assert that Petitioner is subject to mandatory detention under § 1225(b), and is therefore not entitled to a bond hearing, nor eligible to be released on bond. Doc. 13.

## II.    LAW AND ANALYSIS

It is well settled that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art I, § 9, cl. 2. The constitutional guarantee of the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2) (emphasis added). To preserve the right of the people to obtain relief under this Clause, Congress enacted 28 U.S.C. § 2241. Section 2241 confers on federal district courts the power to issue writs of habeas corpus to persons held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This authority also includes challenges made by noncitizens in immigration-

2

related detention matters. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Because Petitioner challenges her detention, the Petition is properly before the Court for consideration.

### A.  Section 1226(a) governs Petitioner's detention.

Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b). Doc. 13, PageID 128, 131–36. However, for the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, like Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested.

### B.  Petitioner's detention violates due process.

Petitioner argues that her detention violates her due process rights guaranteed by the Fifth Amendment. Pet., Doc. 1, PageID 13; Doc. 14, PageID 171. For the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights.

### C.  Respondent Jones is not a proper respondent in this matter.

Title 28 U.S.C. § 2243 requires the writ or order to show cause to be "directed to the person having custody of the person detained." In the context of a habeas corpus petition filed by a noncitizen detained in a local detention facility contracted by Immigration and Customs Enforcement ("ICE"), it is the Department of Homeland Security ("DHS") Field Director, and not the head of the contracted detention facility, that "has power over" the noncitizen petitioner within the meaning of 28 U.S.C. § 2243. *Roman v. Ashcroft, et al.*, 340 F.3d 314, 320

3

(6th Cir. 2003) (citing *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998)). Sheriff Richard K. Jones is therefore not a properly named Respondent in this action. Accordingly, the Court **GRANTS** Respondent Sheriff Richard K. Jones' Motion to Dismiss (Doc. 8).

## III.    CONCLUSION

For these reasons, it is **ORDERED** that Petitioner's constitutional and statutory claims challenging the denial of bond be **GRANTED**. It is further **ORDERED** that the federal Respondents **RELEASE** Petitioner or **PROVIDE** Petitioner with an *individualized* bond hearing before an immigration judge within 7 calendar days of the date of this Order at which the government shall bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk; at which the IJ must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.

**IT IS SO ORDERED.**

May 15, 2026

Jeffery P. Hopkins
United States District Judge

4